UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>  Plaintiff,<br><br>  v.<br><br>TRISHA CARTY, et al.,<br><br>  Defendants. | CAUSE NO. 3:22-CV-192-JD-MGG |

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chambers relates that on January 22, 2022, he flooded his cell. He alleges that the next morning, Lt. Trisha Carty and Sgt. Corissa Haas came to his cell and sprayed him with a powerful mace for no reason other than retaliation for flooding his cell the day before. Then, he says, he was not given a decontamination shower, but was stripped and put in a cold cell for 6 hours before being returned to his original cell, which had not been cleaned after the mace was used.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Chambers the benefit of the inferences to which he is entitled at this stage of the case, his allegations state an Eighth Amendment claim against Lt. Carty and Sgt. Haas.

Chambers' remaining allegations are too vague to state a claim. He alleges that sometime after he was returned to his cell, he had several seizures. When the seizures ended, he hit the medical button and told Sgt. Haas that he needed medical help, but she refused get him help. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even

2

though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Here, Chambers does not detail what he told Sgt. Haas about his medical condition or explain why he needed immediate medical attention. Thus, there is no basis to conclude that she had the subjective awareness of a serious medical need required for liability under § 1983.

Similarly, Chambers alleges Officer Tristan Keller was somehow involved when he was placed in the cold cell, but he does not specify what Officer Keller did or did not do. This does not allow the court to determine whether the complaint states a plausible claim against Officer Keller, nor does it give Officer Keller sufficient notice of any claim against him. A plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests . . . ." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks omitted). The complaint here is missing factual content linking Officer Keller to any alleged constitutional violation.

For these reasons, the court:

(1) GRANTS Jerry Chambers leave to proceed against Lt. Trisha Carty and Sgt. Corissa Haas in their individual capacities for compensatory and punitive damages for spraying him with mace on January 23, 2022, in retaliation for flooding his cell rather than to maintain or restore discipline in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Tristan Keller;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on)

Lt. Trisha Carty and Sgt. Corissa Haas at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Trisha Carty and Sgt. Corissa Haas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 9, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

4